UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WOODWAY USA, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>LIFECORE FITNESS, INC. dba Assault Fitness,<br><br>  Defendant. | Case No.:   22CV492-JO (BLM)<br><br>**ORDER SETTING DEADLINES** |

On August 23, 2022, the Court held an Early Neutral Evaluation Conference and Case Management Conference in Patent Case. ECF No. 22. The case did not settle and on August 24, 2022, the Court issued a Case Management Order Regulating Discovery and Other Pretrial Proceedings in a Patent Case. ECF No. 23. In the order, the Court stated that it "will issue an order setting the remaining deadlines after the order on claim construction issues." Id. at 3.

On November 14, 2023, Judge Ohta issued a Claim Construction Order. ECF No. 59. Accordingly, the Court finds it appropriate to reset the remaining case deadlines as follows:

1. Not later than thirty (30) days after the filing of the Claim Construction Order, any party relying upon advice of counsel as part of a patent-related claim or defense for any reason must make the disclosures required by Patent LR. 3.7. See ECF No. 23 at 2-3.

2. A party asserting infringement must serve final amended infringement contentions, within the meaning of Patent L.R. 3.6(a)(1), not later than thirty (30) days after

1  service of the Court's Claim Construction Ruling.  See ECF No. 23 at 3.

2      3.    A party opposing a claim of infringement must serve final amended invalidity contentions, within the meaning of Patent L.R. 3.6(b)(2), not later than fifty (50) days after service of the Court's Claim Construction ruling. See ECF No. 23 at 3.

    4.    All fact discovery shall be completed by all parties on or before **March 1, 2024**.

    5.    All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **March 29, 2024**. Any contradictory or rebuttal disclosures within the meaning of Rule 26(a)(2)(D)(ii) shall be disclosed on or before **April 26, 2024**. Unless otherwise stipulated by the parties, the required expert disclosures shall include an expert report as required by Rule 26(a)(2)(B). If a written report is not required, the disclosure must provide the information required under Rule 26(a)(2)(c).

    6.    All discovery, including expert discovery, shall be completed by all parties on or before **May 24, 2024**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure.

Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Federal Rule of Civil Procedure 37(a)(1) and Civil Local Rule 26.1(a). All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue. The Court's procedures for resolving discovery disputes are set forth in Magistrate Judge Barbara L. Major's Civil Chambers Rules, which are posted on the Court's website. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

    7.    All other dispositive motions, including those addressing Daubert issues, shall be

FILED on or before **June 21, 2024**.  Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  Failure of counsel to timely request a motion date may result in the motion not being heard.  Motions in Limine are to be filed as directed in the Local Rules, or as otherwise set by Judge Ohta.

8. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

9. A Mandatory Settlement Conference shall be conducted on **January 30, 2024** at **9:30 a.m.** via videoconference with **Magistrate Judge Barbara L. Major**.  All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

   a. **Personal Appearance of Parties Required**:  All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present **via videoconference** and legally and factually prepared to discuss settlement of the case.  Counsel appearing without their clients <u>(whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference</u>.

   Unless there is good cause, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance.  Requests for excuse from attendance for good cause shall be made in writing at least three (3) court days prior to the conference.  Failure to appear at the Mandatory Settlement Conference will be grounds for sanctions.

   b. The Court will use its official Zoom video conferencing account to hold the MSC. **IF YOU ARE UNFAMILIAR WITH ZOOM**:  Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the

installation of a free app.[1]  Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device).  Participants are encouraged to create an account, install Zoom, and familiarize themselves with Zoom in advance of the MSC.[2]  There is a cost-free option for creating a Zoom account.

  c. Prior to the start of the MSC, the Court will e-mail each MSC participant an invitation to join a Zoom video conference.  Again, if possible, <u>participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance</u>.  Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation.  **Participants who do not have Zoom already installed on their device will be prompted to download and install Zoom before proceeding when they click on the ZoomGov Meeting hyperlink**.  Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the MSC begins.

  d. Each participant should plan to <u>join the Zoom video conference at least five minutes before the start of the MSC</u> to ensure that the MSC begins promptly at **9:30 a.m.  The Zoom e-mail invitation may indicate an earlier start time, but the MSC will begin at the Court-scheduled time**.

  e. Zoom's functionalities will allow the Court to conduct the MSC as it ordinarily would conduct an in-person MSC.  That is, the Court will begin the MSC with all participants joined together in a main session.  After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[3]  In a

---

[1] Participants should use a device with a camera to fully participate in the video conference. If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices may offer inferior performance.

[2] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

[3] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

  f. No later than **January 19, 2024**, counsel for each party must send an e-mail to the Court at **efile_Major@casd.uscourts.gov** containing the following:

    i. The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

    ii. An **e-mail address for each participant** to receive the Zoom video conference invitation; and

    iii. A **telephone number where each participant may be reached** so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference. (If counsel prefers to have all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.)

  g. All participants must display the same level of professionalism during the MSC and be prepared to devote their full attention to the MSC as if they were attending in person. Because Zoom may quickly deplete the battery of a participant's device, <u>each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference</u>.

  h. **Full Settlement Authority Required**:  In addition to counsel who will try the case, a party or party representative with <u>full settlement authority</u>[4] must be present for the

---

[4] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D Ariz.

conference. In the case of a corporate entity, an authorized representative of the corporation who is not retained outside must be present and must have discretionary authority to commit the company to pay an amount up to the amount of Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. <u>Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority</u>.

      i.    **<u>Confidential Settlement Statements Required</u>**: No later than **January 19, 2024**, the parties shall submit directly to Magistrate Judge Major's chambers (**efile_major@casd.uscourts.gov**) confidential settlement statements no more than ten (10) pages in length. **<u>These confidential statements shall not be filed or served on opposing counsel</u>**. Each party's confidential statement must set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement positions, including any previous settlement negotiations, mediation sessions, or mediation efforts, the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or make an offer.

      General statements that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order. It is assumed that all parties will negotiate in good faith.

      j.    **<u>Requests to Continue a Mandatory Settlement Conference</u>**: Any request to continue the Mandatory Settlement Conference or request for relief from any of the provisions

---

2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face-to-face conference. <u>Id.</u> at 486. A limited or a sum certain of authority is not adequate. <u>See</u> <u>Nick v. Morgan's Food, Inc.</u>, 270 F.3d 590, 595-97 (8th Cir. 2001).

or requirements of this Order must be sought by a **joint motion**, or—if the motion is opposed—a **written *ex parte* application** filed by the party seeking the continuance in compliance with Chambers rules.  The application must (1) be supported by a declaration of counsel setting forth the reasons and justifications for the relief requested, (2) confirm compliance with Civil Local Rule 83.3(g), and (3) report the position of opposing counsel or any unrepresented parties subject to the Order.  **Absent good cause, requests for continuances will <u>not</u> be considered unless submitted <u>in writing</u> no fewer than (7) days prior to the scheduled conference**.

**<u>If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference</u>**.

10. In order to identify the claims to be tried and eliminate delay and surprise at trial, the Court enters the following pretrial order pursuant to Fed. R. Civ. P. 16.

11. Parties are excused from the requirement of Local Rule 16.1(f)(2)(a); no Memoranda of Law or Contentions of Fact are to be filed.

12. All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **September 25, 2024**.  Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

13. Pursuant to Local Civil Rule 16.1(f)(4), on or before **October 2, 2024**, the parties shall meet and confer to comply with the provisions of that section and prepare a proposed pretrial order in accordance with Local Rule 16.1(f)(6)(c), and containing the following:

   a. A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

   b. A list of the causes of action to be tried, referenced to the Complaint and Counterclaim if applicable.  For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses.  A cause of action in the Complaint and/or Counterclaim

which is not listed shall be dismissed with prejudice.

    c.    A list, in alphabetical order, of:

        i.    Each witness counsel actually expects to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

        ii.    Each expert witness counsel actually expects to call at trial with a brief statement, not exceeding four sentences, of the substance of the expert witnesses' testimony.

        iii.    Additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences of the substance of the witnesses' testimony.

    d.    A list of:

        i.    All exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit. All exhibits are to be identified numerically, plaintiff starting with "1" and defendant beginning with an agreed upon numerical designation.

        ii.    All other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

    e.    A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury.

    f.    A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial.

    g.    Counsel will note any objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures.

    The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. Judge Ohta will entertain any questions concerning the conduct of the trial at the pretrial conference.

    14.    Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f)(6)(a). On or before **October 9, 2024**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's

attorney concerning any objections to form or content of the pretrial order, and both parties should attempt promptly to resolve their differences, if any, concerning the order.

15. The proposed final pretrial conference order, including objections counsel have to any other party's Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with Judge Ohta chambers on or before **October 16, 2024**, and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6)(c). Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

16. The final pretrial conference shall be held before the Honorable Judge Ohta, United States District Court Judge, on **October 23, 2024** at **8:30 a.m.**, during which time the Court will address the submission of motions *in limine,* trial briefs, proposed *voir dire* and jury instructions and the trial schedule.

17. The dates and times set forth herein will not be modified except for good cause shown.

18. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED**.

Dated:  11/20/2023

Hon. Barbara L. Major
United States Magistrate Judge