UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WOODWAY USA, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>LIFECORE FITNESS, INC. dba Assault Fitness,<br><br>  Defendant. | Case No.:  22CV492-JO (BLM)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO PRECLUDE THE DEPOSITION OF ROGER BATES PENDING RESOLUTION OF DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS PENDING INTER PARTES REVIEW**<br><br>**[ECF NO. 61]** |

Currently before the Court is Defendant's November 15, 2023 Motion for Protective Order to Preclude The Deposition of Roger Bates Pending Resolution of Defendant's Motion to Stay All Proceedings Pending *Inter Partes* Review. [ECF No. 61-1 ("Mot")] and Plaintiff's November 21, 2023 opposition to the motion [ECF No. 64 ("Oppo.")]. For the reasons set forth below, Defendant's motion is **DENIED.**

### PROCEDURAL BACKGROUND

On April 12 and 13, 2023, Defendant filed three Petitions for *inter partes* review ("IPR") with the U.S. Patent and Trademark Office ("PTO"), challenging the validity of all asserted claims of the '580, '884, and '745 Patents. Mot. at 4; see also ECF No. 61-2 ("Mot. to Stay") at 5; Oppo. at 4.

On April 24, 2023, the Court held a Claim Construction Hearing. ECF No. 57.

On September 5, 2023, Plaintiff served a Notice of Deposition of Roger Bates to take place on September 22, 2023. Oppo. at 5. On September 18, 2023, Defendant requested that Mr. Bates' deposition be rescheduled. Id. Plaintiff agreed and re-noticed the deposition for November 17, 2023. Id.

On October 24, 2023, Defendant filed another IPR petition challenging the validity of all asserted claims of the '005 Patent and currently awaits the Patent Trial and Appeal Board ("PTAB")'s institution of that IPR. Mot. to Stay at 5.

On October 24 and 25, 2023, the PTAB granted institution of the '580 patent IPR, '884 patent IPR as to all asserted claims, and '745 Patent IPR, and found that Defendant "has shown a reasonable likelihood" that all asserted claims are "unpatentable." Id. at 8-9.

On November 13, 2023, Defendant cancelled Mr. Bates' November 17, 2023 deposition. Oppo. at 7.

On November 15, 2023, Defendant filed a Motion to Stay Litigation Pending *Inter Partes* Review. ECF No. 60. That same day, Defendant filed a Motion for Protective Order to Preclude The Deposition of Roger Bates Pending Resolution of Defendant's Motion to Stay All Proceedings Pending *Inter Partes* Review. Mot. Plaintiff opposed the motion on November 21, 2023. Oppo.

## DEFENDANT'S POSITION

Defendant seeks an order from the Court granting its Motion for Protective Order precluding "the deposition of Roger Bates until, and depending on, this Court's ruling regarding [Defendant's] Motion to Stay the litigation." Mot. at 9. Specifically, if the Court grants Defendant's Motion to Stay, Mr. Bates' deposition would be delayed until the stay is lifted and if the Motion to Stay is denied, the deposition can proceed. Mot. at 5.

Defendant argues that postponing Mr. Bates' deposition is in the best interests of judicial economy because the IPR's finding will (1) change the scope of discovery and potentially eliminate the need for discovery at all, (2) allow for a deposition of Mr. Bates that is focused on the relevant issues, and (3) prevent the need to re-depose Mr. Bates if the IPR results alter the remaining case issues. Id. Defendant further argues that since the Motion to Stay should be

granted, there is no reason for Mr. Bates' deposition to go forward at this time. Id. at 7. Defendant notes that until the PTAB issues it final decision, the universe of patent issues in this case are not established making the deposition of Mr. Bates "unduly burdensome and prejudicial" at this time. Id. Defendant also notes that Plaintiff will not be prejudiced if Mr. Bates' deposition is postponed as the Court has not yet set any pretrial dates and no depositions have been taken by either party.[1] Id. at 8-9.

## **PLAINTIFF'S POSITION**

Plaintiff contends that the Motion for Protective Order should be denied because Defendant lacks "the necessary good cause to block the properly noticed deposition of its principal, Roger Bates, before the Court has even considered its concurrently filed Motion to Stay." Oppo. at 3. Plaintiff notes that Defendant failed to provide any legal authority in support of its motion because "Courts in the Ninth Circuit routinely deny such motions as premature." Id. Plaintiff contends that the mere filing of a motion to stay does not constitute good cause and that Defendant will not be prejudiced if Mr. Bates' deposition proceeds. Id. at 8. Plaintiff notes that Defendant's "speculation surrounding the purported strength of its Motion to Stay and IPR petitions is irrelevant and should be ignored" and that Defendant's decision to wait so long to file the IPR application challenging the '005 patent prejudices Plaintiff and weighs against the granting of a stay. Id. at 9-10. Finally, Plaintiff contends that Defendant will not be prejudiced if Mr. Bates is deposed as Plaintiff potentially seeking to re-depose Mr. Bates in light of the IPR is not a recognized prejudice constituting good cause. Id. at 11. Plaintiff notes that the burden is on Defendant to show that it would suffer prejudice if the stay was denied, not that Plaintiff will not be prejudiced if the stay is granted. Id.

Plaintiff concludes by requesting that the Court compel Mr. Bates to attend his deposition no later than December 8, 2023. Id. at 12.

///

---

[1] On November 20, 2023, the Court Issued an Order Setting Deadlines. ECF No. 63.

## LEGAL STANDARD

Fed. R. Civ. P. 26(c) allows a party from whom discovery is sought to "move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Id. The burden is on the person seeking the protective order to demonstrate good cause. U.S. v. $160,066.98 from Bank of America, 202 F.R.D. 624, 626 (S.D. Cal. 2001) (citing Wilson v. Olathe Bank, 184 F.R.D. 395, 397 (D. Kan. 1999)). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1210–12 (9th Cir. 2002), citing Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"). The court has wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). If the motion "is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2).

## ANALYSIS

Defendant has failed to demonstrate good cause for a protective order staying the deposition of Mr. Bates. Section C of Defendant's motion is entitled "Woodway Will Not Be Prejudiced If Mr. Bates' Deposition Is Postponed." Mot. at 8. As Plaintiff correctly notes, the standard is not whether Plaintiff will be prejudiced if the request is granted, but whether Defendant will be prejudiced or harmed if the request is denied. See C.R. Laurence Co., Inc. v. Frameless Hardware, 2022 WL 2035955, at *3 (C.D. Cal., Jan. 13, 2022) ("Although Defendants argue that Plaintiff will not suffer any prejudice from a stay, to support issuance of a protective order under Rule 26(c), Defendants must show that that they would suffer prejudice or harm if a stay is not granted."). Defendant's only declaration of prejudice is that an immediate

deposition "would needlessly waste efforts, time, and costs." Mot. at 9. Defendant states that there are "several reasons" for the requested protective order, but the Court views each reason listed as being the same: depending upon the results of the IPRs, if Mr. Bates is deposed now, an additional deposition may be necessary as the scope and direction of the issues in the case may change. Id. at 5. The Court does not find that the *possibility* of Plaintiff seeking to re-depose Mr. Bates or that Mr. Bates' deposition *may* be unnecessary depending upon the findings of the PTAB constitutes good cause for preventing Mr. Bates' deposition from moving forward at this time. See Edsal Manufacturing Company, Inc. v. JS Products, Inc., 2023 WL 7702695, at *3 (D. Nev., Nov. 15, 2023) ("Defendant's request for a protective order to avoid the undue cost and expense of conducting discovery is based on speculation that the federal circuit will clarify or set forth a new test for the "obviousness standard" in patent infringement cases. . .. Such speculation is insufficient to warrant a protective order."); see also C.R. Laurence Co., Inc., 2022 WL 2035955, at *3 ("In choosing to proceed with depositions at this time, Plaintiff faces some risk it may not be not [sic] able to fully question a deponent and the Court may not permit a second deposition. However, that decision is for Plaintiff to make, and does not constitute good cause for issuing the protective order requested by Defendants.").

In addition, "[a] pending Motion to Stay is not in itself good cause for the requested protective order." C.R. Laurence Co., Inc., 2022 WL 2035955, at *2 (citing Harbert v. Priebe, 2007 WL 760532, at *1 (N.D. Cal. Mar. 9, 2007) (finding plaintiffs' separate motion for protective order seeking to stay discovery before resolution of motion to stay to be "premature and possibly superfluous" and requiring plaintiffs to appear at deposition if noticed by defendants)).

Finally, Defendant bases its argument in part on the fact that the motion to stay hearing is set to occur on December 13, 2023. Mot. at 7, 9 ("the parties should not have to wait long until [Defendant]'s Motion to Stay is granted or denied"). However, the Court notes that the fact that the hearing is set for December 13, 2023, does not mean that the Court will issue a ruling on the motion on December 13, 2023 or before the end of the year.

///

///

## CONCLUSION

Defendant's Motion for Protective Order to Preclude the Deposition of Roger Bates Pending Resolution of Defendant's Motion to Stay All Proceedings Pending *Inter Partes* Review is **DENIED**.

The Court **GRANTS** Plaintiff's request to compel the deposition of Mr. Roger Bates. The parties are **ORDERED** to meet and confer to find a mutually agreeable date for the deposition of Mr. Roger Bates which must take place on or before **December 20, 2023**.[2]

**IT IS SO ORDERED**.

Dated: 11/29/2023

Hon. Barbara L. Major
United States Magistrate Judge

---

[2] On November 27, 2023 counsel for the parties spoke with Judge Major's law clerk regarding the timing of Mr. Bates' deposition should the Court deny Defendant's motion. Defense counsel, Mr. John Halan, followed the call with an email to Chambers stating that "Counsel for Woodway USA, Inc. (Kadie Jelenchick) and I have agreed that should the Court deny Defendant LifeCORE's Motion for Protective Order, (Dkt. 61), the parties will work out a mutually agreeable date and location for Mr. Bates' deposition after I return to the United States, i.e., sometime after December 10, 2023. Woodway's agreement is without prejudice of its right to seek to compel Mr. Bates' deposition should the parties be unable to come to agreement on a satisfactory date/location."