UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WOODWAY USA, INC.,<br><br>                              Plaintiff,<br><br>v.<br><br>LIFECORE FITNESS, INC. dba Assault Fitness,<br><br>                              Defendant. | Case No.:   22CV492-JO (BLM)<br><br>**ORDER GRANTING MOTION TO EXTEND**<br><br>**[ECF No. 82]** |

Currently before the Court is Defendant's February 1, 2024 Motion to Extend [ECF No. 82-1 ("Mot.")], Plaintiff's February 8, 2024 opposition to the motion [ECF No. 85 ("Oppo.")], and Defendant's February 13, 2024 reply [ECF No. 88 ("Reply")].  For the reasons set forth below, Defendant's motion is **GRANTED**.

## BACKGROUND

On August 23, 2022, the Court held an Early Neutral Evaluation Conference and Case Management Conference in Patent Case. ECF No. 22. The case did not settle and on August 24, 2022, the Court issued a Case Management Order Regulating Discovery and Other Pretrial Proceedings in a Patent Case. ECF No. 23. In the order, the Court stated that it "will issue an order setting the remaining deadlines after the order on claim construction issues." Id. at 3.

On October 21, 2022, the parties filed a Joint Motion to Amend the Case Management Order.  ECF No. 31.  The parties sought to continue case deadlines by approximately one month.

Id. On October 25, 2022, the Court granted the parties' motion. ECF No. 35.

On December 7, 2022, Defendant filed an Unopposed Motion to Amend the Case Management Order. ECF No. 39. Defendant sought to continue certain deadlines by two days. Id. On December 8, 2022, the Court granted the motion. ECF No. 40.

On November 14, 2023, Judge Ohta issued a Claim Construction Order. ECF No. 59.

On November 15, 2023, Defendant filed a Motion to Stay Litigation Pending Inter Partes Review. ECF No. 60.

On November 20, 2023, the Court issued an Order Setting Deadlines. ECF No. 63.

On December 13, 2023, Judge Ohta issued an Order Granting in Part and Denying in Part Defendant's Motion to Stay. ECF No. 73. In the Order, the Court "stay[ed] the filing of substantive motions such as motions for summary judgment and *Daubert* motions, as well as pretrial documents, until October 2024" and noted that "[a]ll discovery is to proceed as scheduled." Id. at 1-2.

On January 24, 2024, counsel for Defendant/Counter Claimant, John Halan, and counsel for Plaintiff/Counter Defendant, Kadie Jelenchick and Ashley Koley, jointly contacted the Court regarding several discovery disputes and a possible Motion to Amend the Order Setting Deadlines. ECF No. 80. On January 25, 2024, the Court issued a briefing schedule for the discovery disputes and scheduling issue. Id. The parties timely filed their briefing in accordance with the briefing schedule. Mot, Oppo, and Reply.

## **LEGAL STANDARD**

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,

609 (9th Cir. 1992).  However, a court also may consider the "existence or degree of prejudice to the party opposing the modification . . . ." Id.

### DEFENDANT'S POSITION

Defendant requests that the Court extend the scheduling order in this matter.  Mot.  In support, Defendant argues that it has been diligent in conducting discovery but due to the availability of various deponents and Plaintiff's failure to produce all relevant responsive documents to Defendant's earlier discovery requests, it is unable to complete fact discovery by the current deadline.  Id. at 9.  Defendant notes that the late production raises concerns that the upcoming depositions will reveal that there are additional documents Plaintiff should have produced but did not.  Id.  Additionally, the late ESI production combined with the current deposition schedule makes it "exceedingly difficult" for Defendant to fully review the documents.  Id.  Finally, Defendant argues that Plaintiff will not be prejudiced if the Court grants this motion as there is no trial date in this case and one will not be set until after the November 6, 2024 status conference with Judge Ohta.  Id. at 10.

### PLAINTIFF'S POSITION

Plaintiff contends that the Court should deny Defendant's motion in its entirety, however, it does not oppose a two-week extension.  Oppo.  Plaintiff contends that the motion should be denied because Defendant cannot show good cause, was not diligent, and Plaintiff will be prejudiced by a two-month extension of the fact discovery deadlines.  Id.  Specifically, Plaintiff contends that Defendant was not diligent in conducting discovery and did not propound discovery between the months of February 2023 and November 2023.  Id. at 11.  Additionally, while the parties met and conferred on various discovery disputes, Defendant never moved to compel additional documents and, therefore, waived its rights to challenge those productions.  Id.  Plaintiff notes that Defendant should not be able to complain about Plaintiff's "burdensome" production when Defendant waited until November and December 2023 and January 2024 to resume propounding discovery.  Id.  Plaintiff also contends that Defendant was not diligent in taking depositions.  Id. at 12.  Plaintiff notes that Defendant waited until December 20, 2023 to unilaterally notice four depositions and until January 5, 2024 to subpoena Plaintiff's former

employee, unilaterally scheduling the deposition for two weeks later when Plaintiff's counsel and former employee were unavailable. Id. Plaintiff further notes that it first attempted to depose Roger Bates in August 2023, but Defendant unilaterally cancelled the deposition that was not conducted until December 20, 2023, after Defendant's Motion for Protective Order was denied. Id. at 13. Additionally, Defendant is also responsible for the delay of Metko Inc.'s deposition which Defendant scheduled for February 20, 2024, again without notifying Plaintiff, and which had to be rescheduled for February 29, 2024. Id. at 13-14. In addition, despite mentioning Aurel Astilean numerous times in various pleadings, Defendant did not serve Plaintiff with its intent to subpoena Aurel Astilean until the last month of discovery on February 7, 2024. Id. at 14. Plaintiff further contends that Defendant was not diligent in filing the instant motion. Id. Defendant raised the issue of a two-month extension of time during the December 12, 2023 hearing on the Motion to Stay Litigation and, despite being informed that Defendant should raise the issue with Judge Major, Defendant did not raise the issue with opposing counsel until January 2024 and did not file its motion to compel until February 1, 2024. Id. Finally, Plaintiff contends it will be prejudiced if Defendant's motion is granted because the current case schedule and completion of all discovery before May 21, 2024, is critical to Plaintiff's preliminary response to the IPR petition regarding patent No. 11,465,005. Id. at 15.

## **DEFENDANT'S REPLY**

Defendant replies that it has diligently sought discovery and notes that during the times it was not propounding discovery, it was busy reviewing Plaintiff's discovery responses and document production. Reply at 4. Defendant also notes that Plaintiff produced its discovery responses on a rolling basis and that Defendant served additional discovery requests when it recognized the deficiencies in Plaintiff's production. Id. Defendant replies that it could not have moved to compel additional documents earlier because it did not know that Plaintiff was withholding responsive documents until January 2024. Id. Defendant also replies that it has not served duplicative discovery and that its need for follow-up discovery is not speculative. Id. at 5. As the deposition of Eric Weber demonstrated, Plaintiff has not produced all of the documents it has relating to its alleged damages and Defendant's damages expert requires

additional documents from Plaintiff regarding previous litigation that resulted in a license. Id. Defendant further replies that the deposition schedule cannot be completed in the remaining discovery period because the depositions of those in their personal capacities and as 30(b)(6) witnesses are taking a long time making it difficult to even get to the 30(b)(6) topics. Id. at 7. Also, the fact that counsel is located in different states from most of the deponents creates time and scheduling challenges with the current schedule. Id. Finally, Defendant argues that Plaintiff will not suffer prejudice if its motion is granted. Id. at 8.

## **DISCUSSION**

The Court finds that Defendant has been reasonably diligent and that there is good cause for amending the scheduling order. Despite the parties' disagreement over the reasoning behind the various discovery delays that have taken place, the Court is satisfied that Defendant has been reasonably diligent. Specifically, Defendant served discovery less than two months after the Court issued the Order Setting Deadlines. Oppo. at 5. In June 2023, five months later, after reviewing Plaintiff's "numerous document productions[,]" Defendant served its third and fourth sets of discovery. Id. In November 2023, five months later, Defendant served its fifth, sixth, seventh, and eighth sets of discovery along with an ESI request. Id. Although the discovery requests were spread out, Defendant notes that the time in between was used to review thousands of pages of documents that were produced on a rolling basis and that all discovery was served with enough time for Plaintiff to respond before the close of discovery. Reply at 4. The Court also finds that Defendant has been diligent in attempting to notice and schedule depositions in this case. Given the differing locations of witnesses and counsel and the numerous busy schedules at play, any delay in completing the depositions before the current close of discovery cannot solely be blamed on a lack of diligence by Defendant. This is especially true, given that on February 13, 2024, Plaintiff's counsel informed defense counsel of its future plans to notice a 30(b)(6) deposition to be completed before March 14, 2023. Id. at Exhibit 7.

In addition, the Court does not find that the degree of prejudice Plaintiff might experience from a continuance supports the denial of Defendant's motion. Finally, the fact that Judge Ohta has stayed the filing of substantive motions and pretrial documents, there is no trial date set,

and the only deadline apart from the ones Defendant seeks to continue is a November 6, 2024 status conference [see ECF No. 73] weighs in favor of granting Defendant's motion and continuing the discovery dates. Accordingly, Defendant's motion is **GRANTED** as follows:

| Event | Current Deadline | New Deadline |
| --- | --- | --- |
| Close of Fact Discovery | March 1, 2024 | May 1, 2024 |
| Expert reports under Fed. R. Civ. P. 26(a)(2) | March 29, 2024 | May 29, 2024 |
| Rebuttal expert reports under Fed. R. Civ. P. 26(a)(2)(D)(ii) | April 26, 2024 | June 26, 2024 |
| Close of all discovery including expert discovery | May 24, 2024 | July 24, 2024 |

**IT IS SO ORDERED**.

Dated:  3/1/2024

Hon. Barbara L. Major
United States Magistrate Judge